UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:06-CR-50(2) |
| | ) | |
| ANTOINE WOODARD | ) | |

## OPINION AND ORDER

Antoine Woodard pleaded guilty in December 2006 to a charge of knowingly and intentionally possessing with intent to distribute cocaine base (crack) in violation of 18 U.S.C. § 841(a)(1) and was sentenced to a term of 120 months' imprisonment. The court denied his motion for a sentence reduction under the recent amendments to the Sentencing Guidelines relating to crack cocaine offenses in April 2008, and his petition to file a belated appeal in September 2008. Mr. Woodard is now before the court asking that he be furnished with the following items: a sentencing transcript, the judgment, the presentence report, the docket sheet, and discovery. To the extent there is a cost associated with any item requested, Mr. Woodard asks that he be provided with information relating to those costs and the procedures for acquiring the document in question.

Congress addressed the question of furnishing transcripts at public expense in 28 U.S.C. § 753(f), which provides in pertinent part:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by

the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Thus, a party may receive a transcript at the government's expense only if the transcript is being "furnished in criminal proceedings" or, upon a further showing, in connection with "proceedings brought under [28 U.S.C. §] 2255." Mr. Woodard hasn't appealed his conviction or sentence or filed a § 2255 petition, so his criminal proceedings in this court have ended, as has his right under section 753(f) to receive transcripts free of charge and his right to discovery. Accordingly, Mr. Woodard's request for a transcript of his sentencing at government expense is DENIED.

The request for a copy of the presentence report must also be denied. Presentence reports are judicial records subject to the common-law right of access, but are afforded extra protection by the courts to protect the traditional confidentiality of the personal information they contain. United States v. Corbitt, 879 F.2d 224, 236 (7th Cir. 1989). *See also* Smith v. United States District Court Officer, 203 F.3d 440, 441 (7th Cir. 2000). When judicial records are confidential, a party seeking disclosure "must make a specific showing of need for access to the document." United States v. Corbitt, 879 F.2d at 228. While Fed. R. Crim. P. 32(e)(2) mandates disclosure of the report to the defendant, the defendant's attorney, and an attorney for the government prior to sentencing, it appears from the record that the probation officer complied and that Mr. Woodard and his

attorney received copies of the presentence report prior to sentencing and filed objections thereto. Mr. Woodard does not suggest otherwise, or indicate why his copy of the report, or his attorney's, is no longer available to him. He simply states that he's requesting another copy of the presentence report and other information, "to help [him] study [his case]." But Mr. Woodard waived his right to appeal or contest his sentence in his amended plea agreement [Doc. No. 60], and the time for appeal and a §2255 action challenging his sentence have passed. Under the circumstances, Mr. Woodard's request for a duplicate copy of the presentence report is DENIED.

It's unclear whether Mr. Woodard is requesting additional discovery or information that was previously provided to his attorney by the government prior to his plea and sentencing. The court has no authority to grant either request. No action is pending in this court, so no further discovery is authorized, and the court is not the custodian of discovery previously provided to Mr. Woodard and his attorney. The request for discovery is therefore DENIED.

The court will, however, GRANT Mr. Woodard's request for copies of the judgment [Doc No. 72] and docket sheet, and DIRECTS the Clerk to send Mr. Woodard those documents.

SO ORDERED.

ENTERED: October 31, 2008

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court